**In re Besden Petition for Reinstatement**

Disciplinary Board Docket no. 190 D.B. 2005.

O'CONNOR, *Vice Chair,* October 21, 2009—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

By order of the Supreme Court of Pennsylvania dated December 1, 2005, Laurie Jill Besden was placed on temporary suspension from the practice of law and the matter was referred to the Disciplinary Board. By order of July 29, 2008, the court suspended Ms. Besden from the practice of law for a period of three years retroactive to December 1, 2005. This suspension was based on Ms.

Besden's conviction of violations of the Controlled Substance, Drug, Device and Cosmetic Act, Identity Theft and the Pharmacy Act.

On September 29, 2008, Ms. Besden filed a petition for reinstatement to the bar of the Supreme Court of Pennsylvania. Office of Disciplinary Counsel filed a response to petition on December 10, 2008, in which it stated that while not opposing the petition, it would not take a position until after the reinstatement hearing.

A reinstatement hearing was held on February 26, 2009 before a District II Hearing Committee comprised of Chair Michael T. Taylor, Esquire, and Members Steven B. Barret, Esquire and Elizabeth A. Schneider, Esquire. Petitioner was represented by Michael B. Hayes, Esquire. Petitioner testified on her own behalf and presented the testimony of five witnesses.

Following the submission of a brief by petitioner, the Hearing Committee filed a report on June 5, 2009 and recommended that the petition for reinstatement be granted.

No briefs on exception were filed by the parties.

This matter was adjudicated by the Disciplinary Board at the meeting on July 18, 2009.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner is Laurie Jill Besden. She was born in 1974 and was admitted to the practice of law in the Commonwealth in 1999. Her current business address is Oliver & Caiola, LLC, 2500 DeKalb Pike Suite 100, East

Norriton, PA 19401. She is subject to the jurisdiction of the Disciplinary Board of the Supreme Court of Pennsylvania.

(2) By order dated December 1, 2005, the Supreme Court of Pennsylvania placed petitioner on temporary suspension as a result of a joint petition filed with the court. Prior to her suspension petitioner was on inactive status since August 2002.

(3) By order of July 29, 2008, the court suspended petitioner from the practice of law for a period of three years, retroactive to the date of petitioner's December 1, 2005 temporary suspension.

(4) Petitioner's suspension is based upon criminal convictions for violations of the Controlled Substance, Drug, Device and Cosmetic Act, Identify Theft, and the Pharmacy Act.

(5) From 2002 until January 2004, petitioner was repeatedly arrested and charged with crimes relating to a substance abuse problem.

(6) Petitioner suffered from a long-term addiction to hydrocodone, which she began taking in 1999 while studying for the bar exam. Her addiction to hydrocodone and other drugs worsened over the next few years, until she eventually ingested multiple pills on a daily basis.

(7) On March 29, 2002, petitioner was arrested in Collegeville, Pennsylvania and charged with violations of the Controlled Substance, Drug, Device and Cosmetic Act, Forgery and Pharmacy Act.

(8) On September 3, 2002, in the Court of Common Pleas of Montgomery County, petitioner was placed on A.R.D. as a result of these charges.

(9) On August 8, 2002, petitioner was arrested in Whitemarsh, Pennsylvania and charged with DUI and other vehicle offenses.

(10) On February 13, 2003, petitioner entered a plea of guilty to DUI and other vehicle offenses in the Court of Common Pleas of Montgomery County and was sentenced to incarceration of not less than 48 hours nor more than 12 months in the county correctional facility.

(11) On October 16, 2003, petitioner was arrested in Norristown, Pennsylvania and charged with violations of the Controlled Substance, Drug, Device and Cosmetic Act, Theft by Deception and Identity Theft.

(12) On January 29, 2004, petitioner was arrested in Plymouth Meeting, Pennsylvania and was charged with violation of the Controlled Substance, Drug, Device and Cosmetic Act, Pharmacy Act and Identity Theft.

(13) On July 28, 2004, petitioner entered an open guilty plea to violations of the Controlled Substance, Drug, Device and Cosmetic Act, Identity Theft and the Pharmacy Act.

(14) On October 14, 2004, petitioner was sentenced to undergo imprisonment for 11 1/2 to 23 months followed by three years of probation at the Montgomery County Correctional Facility.

(15) In addition, petitioner was arrested in Ventnor, New Jersey on September 7, 2002, for prescription drug fraud and possession. Petitioner entered into a negotiated plea agreement which included two years probation, fines and a six month driver's license suspension.

(16) On January 29, 2004, J. David Farrell, Esquire, visited petitioner in prison as a representative of Lawyers Concerned for Lawyers (LCL).

(17) Petitioner joined LCL and developed a long-term plan for her treatment and rehabilitation.

(18) Upon her release from prison petitioner attended a 35-day program at the Caron Foundation and intensive outpatient treatment at Program in Counseling for approximately eight weeks.

(19) Petitioner continued with weekly drug counseling at Program in Counseling and joined Narcotics Anonymous (NA) and Alcoholics Anonymous (AA).

(20) Petitioner currently continues as an active member of LCL, NA and AA, attending at least bi-weekly NA meetings, a weekly women's AA meeting, and monthly LCL meetings. She averages four to six meetings per week in which she frequently relates her story of addiction.

(21) Petitioner has a very repetitive schedule facilitating sobriety, including work, the gym, meetings and walking her dog. When petitioner is unable to adhere to this schedule, she modifies as needed and resumes her schedule as soon as practical.

(22) Petitioner serves as co-chair of the Montgomery County LCL. In addition, petitioner volunteers her time to help other current and former inmates in addiction recovery. She is presently awaiting approval to serve as a speaker and volunteer with NA and AA at the Montgomery County Correctional Facility.

(23) Petitioner has continuously maintained her sobriety since January 29, 2004.

(24) In January 2005, petitioner obtained employment as a paralegal with Oliver & Caiola, LLC in East Norriton, Pennsylvania. Petitioner shared her criminal history and drug addiction with her employers, who have treated her as a suspended attorney since the inception of her employment.

(25) Petitioner has not engaged in the practice of law or held herself out as a licensed lawyer during the period of her suspension.

(26) In November 2008, Judge William Carpenter released petitioner from probation 16 months early.

(27) Petitioner presented five witnesses on her behalf.

(28) Frank Caiola is a principal with the firm of Oliver & Caiola. He has daily contact with petitioner in her capacity as a paralegal.

(29) Petitioner is a trustworthy employee who is an asset to the firm.

(30) Detective Jeffrey McGee has been employed with the Plymouth Township Police Department for 21 years. He first met petitioner in January 2004 when he arrested her in connection with an arrest warrant and detainer on a probation violation.

(31) Petitioner and Detective McGee kept in contact as to her progress and became friends. He attends regular recovery meetings with petitioner and believes she is committed to her sobriety.

(32) Mary Beth Smollen is petitioner's AA sponsor. She has observed through her weekly interaction with petitioner that petitioner is balanced in her life and dedicated to her sobriety.

(33) Ms. Smollen has observed that petitioner is willing to accept full responsibility for her actions and the mistakes she has made.

(34) J. David Farrell, Esquire, has been a licensed lawyer in Pennsylvania since 1980 and has been involved with LCL for many years.

(35) Mr. Farrell, as a member of LCL, first met petitioner when she was incarcerated in January 2004. He stayed in contact with her through her incarceration, which lasted 11 1/2 months.

(36) Mr. Farrell assisted petitioner in making plans for her future recovery and observed that she was very motivated to do so. He also helped her to obtain employment with Oliver & Caiola.

(37) Mr. Farrell has complete confidence in petitioner and would trust her in her capacity as a lawyer. He believes she is able to handle the stress of a law practice.

(38) Roberta Besden is petitioner's mother. While prior to petitioner's incarceration their relationship was strained, since petitioner's recovery they have been very close. Mrs. Besden has observed that petitioner is committed to her rehabilitation.

(39) Petitioner testified on her own behalf.

(40) She accepts responsibility for her misconduct and is sincerely remorseful.

(41) Petitioner understands that she is and will continue to be an addict and must be proactive in her sobriety.

(42) Petitioner has a strong network of family and friends to whom she can turn for support.

(43) Petitioner fulfilled her requirements for Continuing Legal Education.

(44) In addition to her paralegal responsibilities, petitioner has reviewed numerous legal periodicals and newsletters in order to keep apprised of the law.

(45) If reinstated, petitioner intends to practice in Bucks and Montgomery counties.

(46) Office of Disciplinary Counsel does not oppose the petition for reinstatement.

## III. CONCLUSIONS OF LAW

(1) Petitioner has presented clear and convincing evidence that she has the moral qualifications, competency and learning in the law required for reinstatement to practice law in the Commonwealth. Pa.R.D.E. 218(c) (3).

(2) Petitioner's resumption of the practice of law within the Commonwealth will be neither detrimental to the integrity and standing of the bar or administration of justice nor subversive of the public interest. Pa.R.D.E. 218(c)(3).

## IV. DISCUSSION

Petitioner seeks reinstatement to the bar from her suspension of three years, retroactive to December 1,

2005. An attorney who is suspended from the practice of law for a period exceeding one year may not resume practice until reinstated by order of the Supreme Court of Pennsylvania.

In order for petitioner to gain reinstatement after suspension, she has the burden of demonstrating, by clear and convincing evidence, that she possesses the moral qualifications, competency and learning in the law required for admission to practice law. Further, petitioner must demonstrate that her resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice nor subversive of the public interest. In determining petitioner's fitness to resume the practice of law, the board considers the nature of petitioner's misconduct, her present competence and legal ability, her character, rehabilitation and degree of remorse expressed. *Philadelphia Newspapers Inc. v. Disciplinary Board of the Supreme Court,* 468 Pa. 382, 363 A.2d 779 (1976).

Petitioner's suspension resulted from her 2004 conviction of violations of the Controlled Substance, Drug, Device and Cosmetic Act, Identity Theft, and the Pharmacy Act. Petitioner was sentenced to a period of incarceration in the Montgomery County Correctional Facility. Prior to her conviction petitioner had struggled with substance abuse issues and was repeatedly arrested and charged with crimes. Upon her incarceration in January 2004, she met with J. David Farrell, Esquire, a member of Lawyers Concerned for Lawyers, and determined a plan for her treatment and recovery from substance abuse.

Following her release from prison, petitioner engaged in treatment programs and attended recovery meetings at AA, NA and LCL. Petitioner continues her involvement with these recovery meetings and often speaks of her experiences to others. She has learned to maintain her sobriety by balancing her daily schedule, with time for work, exercise and meetings. Petitioner enjoys her work as a paralegal with the law firm of Oliver & Caiola and is grateful for the responsibility that the firm places on her and the trust they have in her. The record is clear that petitioner has made substantial and profound changes in the way she lives her life.

Petitioner expressed sincere remorse for her misconduct and an acceptance of responsibility for her acts. Petitioner's request for reinstatement is supported by the credible testimony of five witnesses who have observed the changes in petitioner's life and her dedication to sobriety. Petitioner has demonstrated that she is morally qualified to return to the practice of law.

Petitioner has fulfilled her required Continuing Legal Education credits. During her period of suspension she has reviewed many legal periodicals to keep apprised with the current state of the law, mostly in conjunction with her position as a paralegal. This is sufficient to prove petitioner's competence and learning in the law.

The board concludes that petitioner has met her burden of proving her fitness to resume the practice of law and recommends that the petition for reinstatement be granted.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, Laurie Jill Besden, be reinstated to the practice of law.

The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

### ORDER

And now, December 4, 2009, upon consideration of the report and recommendations of the Disciplinary Board dated October 21, 2009, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.